UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison, <br> *a/k/a Eugene Paul Harrison, Sr.,* <br>                        Plaintiff, <br> vs. <br> Mr. Alex Lee, President; Ms. Ashley Donna, <br>                       Defendants. | ) C/A No. 2:14-4544-RMG-BM <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This is a civil action filed by the Plaintiff, Eugene P. Harrison, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997) [pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted,"



or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

## Discussion

Plaintiff, a frequent filer of litigation in this Court,[1] alleges that he went to an unnamed store (number 232 of that store) in the "Surfside beach area" of South Carolina on November 13 (year unspecified) to inquire about doing a church fund raiser at the store for the weekend of November 14 and 15. He states that Mr. Paul, the store manager, asked Plaintiff to call "Corporate" to get approval. Plaintiff called the Defendant Ms. Donna, who allegedly told Plaintiff that they do not allow churches to do any kind of money raising, but only the Girl Scouts, the Boy Scouts, and the Salvation Army. Plaintiff asked why this was the case, and Ms. Donna allegedly stated that they just did not let churches fund raise or do other activities at the store. Plaintiff

---

[1] Plaintiff's screening sheet reflects that this is the sixteenth (16) civil action Plaintiff has filed in this Court since 2001. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



requests monetary damages of three million dollars and the removal of the Corporate President and Ms. Donna for "favoritism" and "misconduct" which caused him pain, suffering, and embarrassment.

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, see 28 U.S.C. § 1331, or its diversity jurisdiction, see 28 U.S.C. § 1332.

To the extent that the Complaint attempts to state a constitutional claim under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction, in order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). There is no allegation that the Defendants here have acted under color of state law. Both are private citizens employed by a private business, not public employees. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant asserting a § 1983 claim that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State



or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). There is no allegation here to suggest that the Defendants' actions were anything other than purely private conduct. Thus, Plaintiff has failed to state a claim under § 1983.

To the extent that the Complaint attempts to state a claim for a violation of Plaintiff's right of equal access under Title II of the Civil Rights Act of 1964, based on Defendants' alleged discrimination against him in a place of public accommodation on the ground of Plaintiff's religion in violation of 42 U.S.C. § 2000a, Plaintiff fails to allege sufficient facts to establish this Court's jurisdiction over such a claim. Section 2000a creates a private cause of action to remedy discrimination in public accommodations affecting interstate commerce, but provides only for injunctive and declaratory relief and attorney's fees (not for monetary damages). See Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401-02 (1968). Plaintiff's Complaint seeks monetary damages (which are not allowable) and a type of injunctive relief, removal of the Defendants from their jobs, which is not available under § 2000a. Moreover, 42 U.S.C. § 2000a-3(c) provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or such or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate



State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

The State of South Carolina has a state law, South Carolina Code § 45-9-10 et seq., the "Equal Enjoyment and Privileges to Public Accommodations Act," which prohibits discrimination such as that allegedly committed by the Defendants against the Plaintiff. This South Carolina law establishes and authorizes a state authority, the South Carolina Human Affairs Commission, to grant or seek relief from such practice or to institute state criminal or civil proceedings. Under South Carolina's statutory scheme, a state court action for damages is authorized, but only after the allegedly aggrieved party has filed a charge of discrimination with the South Carolina Human Affairs Commission and sought conciliation, and sixty (60) days have elapsed after filing of the state charge. See S.C. Code § 45-9-100, et seq.

Plaintiff does not allege that he provided written notice of Defendants' alleged act or practice to the South Carolina Human Affairs Commission, or initiated any proceeding before the Commission, prior to filing his Complaint in this Court. While the United States Fourth Circuit Court of Appeals has apparently not issued a published opinion on this issue, the Sixth, Seventh, Eighth, and Tenth Circuit Courts of Appeals have all held that § 2000a-3(c)'s requirements are jurisdictional. The District Court for the District of Columbia has held likewise. Thus, in a state like South Carolina which has a state law prohibiting discrimination and a state agency authorized to grant or seek relief from such practices, this "mandatory procedural prerequisite" must be satisfied before a federal district court can obtain jurisdiction over a § 2000a claim. See Watson v. Fraternal Order of Eagles, 915 F.2d 235, 242 (6th Cir. 1990); Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1144-45 (7th Cir. 1993) (citing Hornick v. Noyes, 708 F.2d 321, 323 (7th Cir. 1983), cert.

5



denied, 465 U.S. 1031 (1984)); Bilello v. Kum & Go, 374 F.3d 656, 658-659 (8th Cir. 2004); Mistretta v. Sandia Corp., 639 F.2d 588, 594 (10th Cir. 1980) (citing Harris v. Ericson, 457 F.2d 765, 767 (10th Cir. 1972)); Hollis v. Rosa Mexicano DC, LLC, 582 F. Supp. 2d 22, 24 (D.D.C. 2008). Consequently, Plaintiff has failed to state a cognizable claim under § 2000a.

With respect to diversity, although there appears to be diversity jurisdiction since Plaintiff alleges damages in excess of $75,000 and provides that he lives in South Carolina and lists a North Carolina address for both Defendants (see Complaint, ECF No. 1 at 2),[2] Plaintiff fails to set out any cognizable claim under South Carolina law. Although Plaintiff names Defendant Mr. Alex Lee-President in the caption of his complaint and requests that Defendant Lee be "removed," he fails to assert any allegations against Defendant Lee in the body of his complaint. Plaintiff merely alleges that Defendant Donna told him that he could not conduct a church fund raiser at the unnamed store; that only the Girl Scouts, Boy Scouts, and Salvation Army were allowed to do so; and "we just don't let the church fund raise or any activity." ECF No. 1 at 3. He claims "favoritism" and "misconduct," but fails to state any basis in law for these claims. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); see also White v. White, 886 F.2d 721, 723 (4th Cir. 1989) [district court did not abuse discretion by

---

[2] See 28 U.S.C. § 1332 ["The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between–(1) citizens of different States..."]; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978) [Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side].

6



dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"].

Further, even if (giving Plaintiff's pleadings the liberal construction to which they are entitled) Plaintiff is attempting to assert a claim under the South Carolina Equal Enjoyment and Privileges to Public Accommodations Act, as previously noted, he has not alleged that he provided written notice of the Defendants' alleged act or practice to the South Carolina Human Affairs Commission, or initiated any proceeding before the Commission, prior to filing his Complaint in this Court. See S.C. Code Ann. § 45-9-110. Nor has Plaintiff alleged sufficient facts to state a claim for intentional infliction of emotional distress or outrage under South Carolina law, as he simply has not alleged the elements of such a cause of action including conduct so "extreme and outrageous" as to exceed "all possible bounds of decency." See Ford v. Hutson, 276 S.E.2d 776 (S.C. 1981).[3] Plaintiff also has not alleged a physical injury, as required for a claim for negligent infliction of emotional distress. See Phillips v. United States, 575 F.Supp. 1309, 1317 (D.S.C.1983)["'[E]motional distress is a proper element of tort damage as long as such distress encompasses some physical

---

[3]To recover under the tort of outrage, a plaintiff must establish the following elements:
    (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;
    (2) the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community";
    (3) the actions of the defendant caused the plaintiff's emotional distress; and
    (4) the emotional distressed suffered by the plaintiff was "severe" so that "no reasonable man could be expected to endure it."
Id., at 778 (quoting Vicnire v. Ford Motor Credit Co., 401 A.2d 148 (Me. 1979))(internal citations omitted)



manifestation.'"](quoting Robertsen v. State Farm Mut. Auto. Ins. Co., 464 F.Supp. 876, 883 n. 9 (D.S.C.1979)).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint at this time without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 21, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

